## F. T. Johnson v. W. H. Peckham.

No. 7205. Decided November 9, 1938.
Rehearing overruled January 4, 1939.
(120 S. W., 2d Series, 786.)

*Ray Bland* and *Kilgore & Roders,* of Wichita Falls, for the plaintiff in error.

*Bonner, King & Dawson;* of Wichita Falls, for defendant in error.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

A full and clear statement of the case was made in the opinion of the Court of Civil Appeals, reported in 98 S. W. (2d) 408. That court reversed the judgment of the trial court and remanded the cause for another trial. Since we have concluded that it entered the correct judgment, and that the case must be retried, it is not thought that a full restatement is necessary or desirable in this opinion.

Peckham and Johnson were operating two oil and gas leases, owning equal shares in the leases and sharing equally the profits and losses of the enterprise. They entered into a contract whereby Peckham agreed to purchase Johnson's interest for $1500.00. The consideration of $1500.00 was for an undivided one-half interest in the entire enterprise, but it developed that Johnson had parted with certain interests, and in order to complete the sale and deliver to Peckham that for which he had contracted it was necessary to purchase these outstanding interests and adjust an oil payment obligation outstanding against Johnson's interest. Accordingly there was deducted from the $1500.00 consideration the amount necessary to perfect title to the full half interest, and Peckham paid Johnson the balance remaining. Shortly thereafter Peckham sold and delivered the entire property to third parties for a consideration of $10,500.00. Negotiations for this sale were begun, according to the findings, prior to the time when Peckham contracted for the purchase of Johnson's interest, and no disclosure was made by Peckham to Johnson of the fact that these negotiations were pending. In the trial court Johnson was awarded judgment against Peckham for $3750.00, arrived at by deducting $1500.00, the price paid by Peckham for the half interest, from $5250.00, one-half of the amount for which Peckham sold the entire property to third persons.

The Court of Civil Appeals reversed the trial court's judgment and remanded the cause upon two grounds. One ground was that the damages were measured by an incorrect rule. It was held that, since the consideration of $1500.00 was to be paid for an entire one-half interest, and since it developed that Johnson owned less than that interest, his damages should have been apportioned in accordance with his actual interest and not on the basis of a one-half interest. It would appear that the record required that holding, but for the reason assigned below, the question is not before us for decision and we make no authoritative pronouncement thereon.

■ Defendant in error points out that plaintiff in error did not complain of that ruling or decision of the Court of Civil Appeals in his motion for rehearing therein and contends that this Court is therefore not authorized to consider the assignments in the application for writ of error complaining thereof. We have made a careful examination of the motion for rehearing filed in the Court of Civil Appeals and have concluded that it does not at all assign such ruling or decision of that court as error. It is well established by court rule and decisions that this Court will not review questions not presented to the Court of Civil Appeals in a motion for rehearing therein. Rule No. 1 Governing Procedure in the Supreme Court; Savage v. Rhea, 33 S. W. (2d) 429, and authorities there cited.

It is but due counsel that we make this observation: It appears that there was uncertainty in the minds for counsel for each party as to the ruling of the Court of Civil Appeals in its original opinion on this question. That doubtless was the reason such ruling was not assigned as error in the motion for rehearing. All doubt and uncertainty as to this ruling were removed in the opinion on rehearing and a second motion for rehearing was not filed. To our minds the original opinion clearly sustained the assignments presenting the matter. Be that as it may, the rule is fixed and unyielding that the question must be presented to the Court of Civil Appeals in a motion for rehearing as a predicate to assigning error thereon in this Court.

The question was not reached by the cross assignment complaining of the action of the trial court in overruling Johnson's request for a peremptory instruction. Such instruction may properly be given only when there is no issue of fact in the whole case. There were several issues of fact in this case. In fact, there is uncertainty in the record as to the interest owned by Johnson, and, therefore, as to the extent of his damages.

The decision of the Court of Civil Appeals on the question of damages was made one of the grounds upon which the judgment of the trial court was reversed and the cause remanded. As that holding is not before us for review, it follows that the judgment of the Court of Civil Appeals must be affirmed irrespective of whether that court correctly reversed the judgment of the trial court on other grounds.

■ Another ground upon which the trial court's judgment was reversed by the Court of Civil Appeals was its refusal to submit to the jury certain special issues requested by Peckham. Those issues are set out in the opinion of the Court of Civil

Appeals and will not be restated here, but in substance they called upon the jury to determine whether or not the parties were dealing with each other at arm's length and whether or not, Johnson relied upon Peckham to make disclosure to him concerning negotiations theretofore had by Peckham for the sale of the property. The Court of Civil Appeals held that the trial court erred in not submitting these special issues to the jury. A determination of the question of whether error was committed by the trial court rests upon a decision of the broader question of whether it is a partner's duty to disclose material matters in purchasing his co-partner's interest in the firm assets, or whether it is the selling partner's burden to establish reliance upon his co-partner to make such disclosure. The principle which seems to meet with general acceptation is thus stated in 20 R. C. L. p. 879:

"* * * Since each is the confidential agent of the other, each has a right to know all that the others know, and each is required to make full disclosure of all material facts within his knowledge in any way relating to the partnership affairs. This necessity for good faith and the making of a full disclosure of all important information applies in the case of sale by one partner to another of his interest in the partnership. Such a sale will be sustained only when it is made in good faith, for a fair consideration and on a full and complete disclosure of all important information as to value."

The Court of Civil Appeals recognized and reaffirmed this general principle, but concluded that the facts of the instant case rendered it inapplicable. As we understand the opinion the duty to disclose was held to rest upon a presumption which might be overcome by proper evidence. The evidence held to be sufficient to overcome the presumption and raise an issue of fact as to whether the parties were dealing at arm's length, is disclosed in that opinion. The substance thereof is that strained relations had grown up between the partners, and that a suit for an accounting and dissolution filed by Peckham against Johnson had been pending in the court for some time prior to the purchase by the former of the latter's interest. With this holding we are not in agreement. Doubtless Peckham was not consciously guilty of any fraud. Because of the strained relations which had developed he probably felt that he was perfectly justified in dealing with his partner as a stranger. That is the standard of the market place, but in courts of equity a much higher standard for measuring conduct obtains.

As forcefully and tersely put by Mr. Justice Cordoza in

Meinhard v. Salmon, 249 N. Y. 458, 164 N. E. 545, 62 A. L. R. 1, "* * * Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions. * *"

When persons enter into fiduciary relations each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity. That is a sound rule and should not be whittled down by exceptions. If the existence of strained relations should be suffered to work an exception, then a designing fiduciary could easily bring about such relations to set the stage for a sharp bargain. There is no suggestion in this record that Peckham did that thing, but mischief would result more often from engrafting exceptions upon the general rule than from a strict adherence thereto.

What has been written is upon the assumption that these parties were partners in the ordinary sense. We have not considered the question of whether they more properly might not be denominated joint adventurers, for the reason that, as regards the question now under consideration, no distinction can be drawn between the duties owing by partners and those owing by joint adventurers. Thompson et al v. Duncan, Com. App. 44 S. W. (2d) 904; Paddock v. Bray, 40 Texas Civ. App. 226, 88 S. W. 419; Griffin v. Reilly et al, 275 S. W. 242; Meinhard v. Salmon, supra.

The absolute duty to disclose was upon Peckham. The parties were not dealing with each other at arm's length, and the issue of whether Johnson relied upon Peckham to discharge his high duty was not a material inquiry. The trial court, we conclude, did not err in refusing to submit to the jury the special issues requested by defendant in error Peckham.

For the reasons above assigned the judgment of the Court of Civil Appeals, which reverses that of the trial court and remands the cause, is affirmed.

Opinion adopted by the Supreme Court, November 9, 1938.

Rehearing overruled, January 4, 1939.