**AMERICAN TANK & MFG. COMPANY, Inc.,**
Appellant,

v.

**FIRST NAT'L BANK OF LITTLEFIELD,**
Appellee.

No. 7276.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1963.

Rehearing Denied Sept. 9, 1963.

Tobin & McConnell, Dallas, Joe Cox, Plainview, for appellant.

Potter, Gowdy & Kirk, J. R. (Billy) Hall, Littlefield, for appellee.

CHAPMAN, Justice.

Appellant, American Tank & Mf'g Company, Inc., brought this suit in the trial court against First Nat'l Bank of Littlefield seeking to recover proceeds of certain checks made payable to American Sales, Inc. and American Tank & Mf'g Company

and deposited to the account of C. Wayne Bryan. The former company had been dissolved and its assets purchased by the latter. At all times involved the checks made payable to American Sales, Inc. were the property of appellant herein.

Beginning on December 15, 1954, and for several days thereafter, C. Wayne Bryan deposited with appellee bank $5,787.07, $2,560 in currency and $3,227.07 represented by checks made payable to the companies above named. The next day he gave a check on his account, another check on December 21, 1954, and a third check on December 29, 1954. The balance of $4,548.58 was drawn from the account in cash on January 4, 1955.

Recovery was sought by appellant for $3,369.51, $142.44 more than the total of the checks introduced as made payable to the named companies. Upon trial to the court a take-nothing judgment was rendered, from which appeal is perfected to this court.

Appellant's pleadings show it was engaged in selling propane and butane tanks and affiliated accessories in the State of Texas and that it maintains a warehouse and sales office in Littlefield in charge of a manager for the purpose of distributing its products for sale to wholesale and retail trade and for collecting therefor and depositing such collections to its depository bank, Security State Bank of Littlefield, Texas. The record shows that from December 1953 until he was discharged that Bryan was the company's Littlefield manager. Its president, D. W. Scoggins, testified Bryan worked for them until January 4, 1954, but he obviously meant 1955.

Appellee bank was not the drawee bank on any of the checks involved in which appellant was payee, but was the collecting bank. There is testimony by which we are bound that shows the company had trusted Bryan to the extent of authorizing him to endorse checks made payable to it, cash them and pay bills the company owed. He said Mr. Scoggins had told him " * * *

on any occasion I deem it necessary to transact some company business, or such matter, that it was all right to endorse checks. He said that was what his managers were for, to take care of the business." He said: "They were to be endorsed by American Sales or American Tank & Mf'g Company by us, or by me." He sometimes used a rubber stamp, which he had himself purchased and sometimes endorsed them with a pen or pencil or whatever was handy and available.

Bryan had apparently lived in Littlefield for some time, the bank's teller, Mrs. Baccus, who cashed at least some of the checks and accepted some of the deposits to him, having testified she had known him for years. Apparently she knew him only casually because she testified in effect that so far as she knew Bryan himself could have been the American Manufacturing Company or an officer of American Sales, Inc.

Robert Bridges, cashier of appellee bank, testified he also was acquainted with Bryan but did not personally know anything about either of the named companies.

It is without question in the record that appellee bank or any of its employees did not knowingly contribute to the conversion of the funds by Bryan, if he converted them. He was not sued by appellant so far as the record is concerned and the pleading on which it went to trial against appellee was not filed until almost seven years after he was discharged. We assume the original petition was filed within the limitation period or there would have been a limitation question raised. Bryan testified the bank benefitted none whatsoever from the funds and that he had been doing business with them for fifteen or twenty years.

The legal question thus presented is whether a collecting bank must police its depositors' withdrawals when it is innocent of any wrongdoing on the part of the depositor and is not itself benefitting from such account. We feel compelled to answer in the negative.

So far as this record is concerned $2,560 was a cash deposit of Bryan's money having nothing whatever to do with American Mf'g Company money or with American Sales, Inc. Furthermore, the record shows that so far as the knowledge of the bank is concerned, Bryan could have been a ranking officer of the company or the company itself.

Most of the cases cited by appellant in support of its contention are cases involving forgery. They are clearly distinguishable from the instant case. Appellant particularly relies on the Court of Civil Appeals case of Independence Indemnity Co. v. Republic Nat. B. & T. Co., 114 S.W.2d 1223. That case on the facts is also distinguishable in several respects from our case.

The case we believe most nearly in point to ours is Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821. Appellant seeks to distinguish it on the ground that in that case the converting party was in a fiduciary relation with the railway company seeking to recover from the bank.

■ The relation of principal and agent may be a fiduciary relation. Winger v. Chicago City Bank & Trust Co., 394 Ill. 94, 67 N.E.2d 265, 275; Allen v. Borlin, 336 Ill.App. 460, 84 N.E.2d 575, 578; Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill. 106, 45 N.E.2d 20, 24; Murray County v. Pickering, 196 Ga. 208, 26 S.E. 2d 287, 292; American Button Co. v. Weishaar, Mo.App., 170 S.W.2d 147, 152.

We believe the testimony given by Bryan himself is also sufficient to show a fiduciary relation between him and American Tank & Mf'g Company. If so, there is no material distinction in the Quanah, A. & P. Ry. case and ours on the question of the legal liability of the banks.

■ Generally speaking, a fiduciary relation applies to any person who occupies a position of peculiar confidence toward another.[1] "It includes those informal relations which exist whenever one party trusts and relies upon another, as well as technical fiduciary relations." Cartwright v. Minton, supra; Peckham v. Johnson, Tex.Civ.App., 98 S.W.2d 408; Johnson v. Peckham, 132 Tex. 148, 120 S.W.2d 786, 120 A.L.R. 720.

The Supreme Court in Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., supra, in discussing the question of liability of a bank under such circumstances said " * * * to require the bank to investigate such transactions would put a burden on the bank for which it is not paid * * *, and would clog the handling of commercial paper in a way that would be to the disadvantage generally of trust business, and also to business in general."

The Quanah, A. & P. Ry Co. case, as in our case, involved a situation where the bank received no part of the funds and had no actual knowledge they were being checked out by persons not entitled to receive them. The Supreme Court in quoting from Michie on Banks and Banking in the Quanah, A. & P. Ry. Co. case said:

" 'Though there are decisions to the contrary, according to the weight of authority the bank is not liable for the trustee's subsequent misappropriation of such funds merely because it receives them to his personal account with knowledge of their character. To render the bank liable it must have knowledge of the trustee's intention to misappropriate the funds. The mere fact that the bank knows that funds credited to a depositor individually are trust funds does not charge it with notice of such intention, or put it on inquiry regarding their disposition. The bank has no supervisory power over the deposit or the disposition thereof. The bank may safely assume that, although the deposit is entered to the trustee's account as an individual,.

---

1. Cartwright v. Minton, Tex.Civ.App., 318 S.W.2d 449 (NRE).

or as attorney, he will faithfully distribute it. * * *'"

We believe the court below properly disposed of the case and the judgment of that court is in all things affirmed.