Quinton E. NEVILLE,
Plaintiff–Appellant,

v.

AMERICAN REPUBLIC INSURANCE
COMPANY, Defendant–Appellee.

No. 89–4772.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1990.

Rehearing Denied Oct. 23, 1990.

---

Gene Harlow, Grenada, Miss., Alan D. Lancaster, Winoa, Miss., for plaintiff-appellant.

T.H. Freeland, IV, Oxford, Miss., for defendant-appellee.

Before WISDOM, KING, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Quinton E. Neville appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his complaint. Because the insurance policy in issue precludes coverage for Neville's pre-existing condition, we AFFIRM.

## I.

In early 1981, Neville applied for, and received, a health insurance policy from American Republic Insurance Company (American). He stated in the application that he had contracted meningitis in 1952 and, consequently, became almost totally deaf.[1]

The policy provided coverage for, *inter alia*, eligible sickness expenses; defined *sickness* as "a condition, a state of ill health, or an illness *first manifested ... while this policy is in force*"; and stated in its statutorily required incontestability clause that it would "not reduce or deny a claim for benefits resulting from ... a *sickness* which begins after two years from the date of the issue on the grounds that the ... *sickness* existed before the date of issue...." (Emphasis added.)

Approximately six years after the policy's effective date, Neville sought coverage, which American refused, for a "cochlear implantation," a procedure to restore hearing. Therefore, Neville filed this diversity action. On the Rule 12(b)(6) motion, and applying Mississippi substantive law, the district court held that (1) the policy unambiguously excluded pre-existing conditions from its definition of sickness (covered claims); (2) Neville's deafness was fully manifested in 1952, long before the effective date of the policy, and therefore, was a pre-existing condition, precluding the surgery from being a covered expense under the policy; and (3) the policy's incontestability clause did not prevent coverage denial.

## II.

Needless to say, insurance policies exclude coverage for claims that pre-existed the policy, by use of "first manifest" provisions. The Mississippi Supreme Court has upheld this preclusion, provided that the language in such clauses is plain and unam-

---

1. Because this appeal arises out of a Rule 12(b)(6) dismissal, Neville's well pleaded facts in his complaint are accepted as true. *Hernandez v. Maxwell,* 905 F.2d 94, 96 (5th Cir.1990); *Griffith v. Johnston,* 899 F.2d 1427, 1433 (5th Cir.1990). The facts presented here are there-fore taken from his complaint, including the several attachments to it. *See* Fed.R.Civ.P. 10(c) ("copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"). Those attachments included the policy in issue and Neville's application for it.

biguous. *See, e.g., Prudence Life Ins. Co. v. Cochran*, 183 So.2d 830, 831 (Miss.1966). Neville admits that American's policy excluded pre-existing conditions. However, he asserts that the incontestability clause precludes denial of "a claim for loss after two years from the [policy's] date of issue." [2]

An incontestability clause, pursuant to Miss.Code Ann. § 83–9–5(1)(b)2., limits an insurer's right to assert a pre-existing illness defense; it is statutorily required in every health policy. The section, upon which the policy's incontestability clause is based, states in pertinent part:

> No claim for loss incurred ... after two (2) years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.[3]

The policy provided coverage for eligible sickness expenses; but such "sickness" is defined as "a condition ... or an illness first manifested ... while this policy is in force." And, pursuant to the above quoted incontestability statute, the policy incontestability clause extended that coverage by preventing denial of "a claim for benefits resulting from ... a sickness which begins after two years from the date of the issue on the grounds that the ... sickness existed before the date of issue...." [4]

Neville's sickness, the meningitis and associated hearing loss, was manifested almost 30 years prior to the policy's issuance, as he admitted in applying for, and receiving, the insurance. Therefore, the incontestability clause does not apply—does not shelter Neville's condition from coverage denial—because Neville's sickness was not a "sickness", as both defined by the policy for coverage and referred to in the incontestability clause. Stated differently, Neville's sickness is not a covered (policy defined) "sickness" for which the policy (and statutory) incontestability provision provides shelter. Pursuant to the language of the incontestability statute, Neville's sickness was a "disease or physical condition ... excluded from coverage by name or specific description," because the policy definition of sickness expressly excluded a condition that did not come into being (manifest) while the policy was in force. As Neville admitted, his came into being 30 years earlier.

Neville seeks to extend the incontestability provision not only far beyond the policy definitions, but even further beyond its obvious intent. This he cannot do.

### III.

Accordingly, the dismissal with prejudice is

**AFFIRMED.**

---

**2.** A Rule 12(b)(6) dismissal is subject to *de novo* review. *Baton Rouge Bldg. & Const. Trades Council v. Jacobs Constructors, Inc.,* 804 F.2d 879, 881 (5th Cir.1986). "In reviewing the dismissal of this claim, we may uphold the action of the trial court only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.; see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

**3.** This section in full provides:

> No claim for loss incurred or disability (as defined in the policy) commencing after two (2) years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

Miss.Code Ann. § 83–9–5(1)(b)2.

**4.** Pursuant to Miss.Code Ann. § 83–9–5(1), the wording utilized in the policy incontestability clause may vary from the statutory language, provided it is (1) approved by the Mississippi Commissioner of Insurance and (2) is "not less favorable in any respect to the insured...." Neville does not contend that the policy incontestability clause failed to meet the statutory criteria.