**Eula Mae ROBERTS, Plaintiff,**

v.

**DAYTON HUDSON CORP., Defendant.**

**Civil A. No. 3:95–CV–1508–X.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 18, 1996.

Robert Wightman, Dallas, TX, for plaintiff.

Steven Russell, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

Now before the Court is Defendant Target's Motion to Dismiss Claims based on Duty of Good Faith and Fair Dealing filed on July 21, 1995. After careful consideration of the motion, response and reply, the Court is of the opinion that the motion should be, and is hereby, **GRANTED.** Accordingly, Plaintiff's claim against the Defendant for breach of the duty of good faith and fair dealing is **DISMISSED** with **PREJUDICE.** The Clerk of the Court is **ORDERED** to notify the parties of this memorandum opinion and order. Roberts' other claims are not affected by this Order.

### Factual Background

This action arises from a fall which Plaintiff Roberts allegedly suffered in a Target store in Duncanville, Texas. Roberts alleges that she tripped and fell as a result of an "aberration" in the floor tiles at the Duncanville store. Along with a premises liability claim, Plaintiff asserts a claim based upon Target's alleged breach of its duty of good faith and fair dealing by blaming her for the accident and by failing to investigate her claims properly. Roberts seeks to extend the Texas common law duty of good faith and fair dealing to transactions between self-insured entities and individuals making claims against the entity. Target contends that even assuming that Plaintiff's claims concerning the failure to investigate and blaming Roberts for the accident are true, that no duty of good faith and fair dealing existed between Target and Roberts.

1. See FED.R.CIV.P. 10(c): "A copy of any written instrument which is an exhibit to a pleading is a

### Standard of Review

A motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986). However, material that is properly appended as a part of the complaint may receive consideration.[1] *Neville v. American Republic Ins. Co.,* 912 F.2d 813, 814 n. 1 (5th Cir.1990); *Hal Roach Studios v. Richard Feiner and Co.,* 883 F.2d 1429, 1441 n. 18 (9th Cir.1989). The Court must decide whether the material facts alleged, which must be taken as true, *Williamson v. Tucker,* 645 F.2d 404 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), would entitle a plaintiff to offer evidence regarding the legal remedy it requests. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Many courts look askance at Rule 12(b)(6) motions because of the role pleadings play in federal practice and the liberal policy regarding amendment. "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983), *Rios v. Dillman,* 499 F.2d 329 (5th Cir.1974).

The United States Court of Appeals for the Fifth Circuit has established two primary considerations for a court's analysis of the propriety of dismissal under Rule 12(b)(6). First, the court must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff; however, the court will not accept conclusory allegations in the complaint as true. *Kaiser Aluminum,* 677 F.2d at 1050. Second, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

part thereof for all purposes."

prove no set of facts that would entitle it to relief. *Id.*

## Discussion

Robert's complaint alleges, *inter alia*, a tort claim for breach of the duty of good faith and fair dealing. As the claim is based in state law, this court is bound by the law of Texas in determining whether Target's motion to dismiss as to this claim should be granted. *See Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir.1991).

Texas law recognizes several degrees of relationship which give rise to duties greater than those owed to society at large. *Crim Truck & Tractor Co. v. Navistar Internat'l Transp. Corp.*, 823 S.W.2d 591, 593–94 (Tex. 1992). For example, fiduciary duties are those that impose the highest duties in law, and are generally imposed upon certain formal legal relationships as a matter of law. *Id.; Kinzbach Tool Co., Inc. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 513 (1942) (principal/agent); *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786, 787 (1938) (partners); *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex.1988) (trustee/beneficiary).

Additionally, "confidential relationships" may impose fiduciary duties, but are created not by formal legal relationships, but by informal relationships "where one person trusts in and relies upon another, whether the relation is a moral, social, domestic or merely personal one." *Crim Truck & Tractor*, 823 S.W.2d at 594. Finally, the Texas Supreme Court has recognized certain "special relationships" that give rise to the duty of good faith and fair dealing. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212, 213 (Tex.1988); *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987). This duty may arise from the express language of a contract or from the nature of the relationship between the parties, where it entails unequal bargaining power and the likelihood of abuse by the more powerful party. *Lovell v. Western Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex.App.—Amarillo 1988, writ denied). Although special relationships giving rise to the duty of good faith and fair dealing may occur in other contexts, that between insurer and insured is certainly the most commonly recognized in Texas.

This is the duty which Roberts seeks to extend and to apply to her own situation. Roberts contends that Target owed her a duty comparable to the common-law duty an insurance company owes its insured. *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987). This theory depends upon whether Roberts can show that a special relationship arose between Target and herself.

The Texas Supreme Court has held that an insurer owes an insured a duty of good faith and fair dealing because of the special relationship arising out of the insurance contract. *See Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210 (Tex.1988). The duty of good faith and fair dealing has been imposed in Texas only "to protect parties who have a special relationship based on trust or unequal bargaining power." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex.1994), citing *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987) (first recognizing a duty of good faith and fair dealing in an insurance context). The Texas Supreme Court clearly stated *Natividad* that "in an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a 'special relationship.'" *Natividad*, 875 S.W.2d at 698. In the present case, there is no contract between Roberts and Target which would give rise to a special relationship. The only relationship which exists between Roberts and Target was initially that of consumer and retailer and now that of plaintiff and defendant. Neither of these relationships is special.

Roberts attempts to characterize herself as an insured party under Target's self-insured plan. This characterization stretches the bounds of credulity. A more appropriate analogy to draw would be that Roberts is a third-party claimant. This analogy would put the Target store in the posture of the insured and the Dayton–Hudson Corporation as the insurer. Indeed, characterizing Rob-

**1424**

erts as a third party claimant makes even more sense when one remembers that Roberts has paid no premiums, has no contract with the insured or insurer and has no relationship with the insurer. In short, as a third-party claimant, Roberts has no basis upon which to expect or demand the benefit of extra-contractual obligations or duties imposed on insurers. *See Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 279 (Tex.1995).

An insured's interests are adverse to third-party claimants. *Id.* In this case, extending the analogy, Roberts' interests are adverse to the Target Duncanville store, and Dayton–Hudson's hypothetical duty of good faith and fair dealing would run to the Duncanville Target, its insured. Dayton–Hudson has a duty to its insured to defend the claim, and if warranted by the facts, to settle the claim consistent with the insured's best interests. *American Physicians Ins. Exchange v. Garcia,* 876 S.W.2d 842, 846–47 (Tex.1994) (noting the insurer's duty to settle). For policy reasons, Texas courts do not require insurance companies to perform duties for third-party claimants that are "coextensive and conflicting" with the duties they owe their insureds. *Faircloth,* 898 S.W.2d at 279. Owing such duties to third parties would "necessarily compromise the duties the insurer owes to its insured." *Id.*

In the case before the Court, comparing Roberts to a third party claimant is the only analogy which makes sense. As such, no compelling facts exist which would suggest a special relationship existed to warrant imposing on Dayton–Hudson Corporation a duty of good faith and fair dealing owed to the third-party claimant, Roberts.

### Conclusion

Based upon the reasons set forth above, Roberts' claim for breach of the duty of good faith and fair dealing against the Defendant is **DISMISSED with PREJUDICE.** All other claims not subject to this motion shall not be affected by this order.

**SO ORDERED.**